IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| EARL KING, <br> TDCJ-CID No. 02009392, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | 2:18-CV-143-Z-BR |
| LORIE DAVIS, *et al.*, | § <br> § | |
| Defendants. | § <br> § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants, filed July 27, 2018 (ECF No. 3) ("Complaint"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

### BACKGROUND

Plaintiff alleges on May 11, 2017, an unknown individual arrived at his TDCJ unit and, without identifying himself to Plaintiff or TDCJ personnel, collected a DNA swab from the Plaintiff. *See* ECF No. 3, at 4, 13. Plaintiff claims it took approximately two minutes to collect his DNA while he was in the infirmary. *Id.*, at 13. Plaintiff contacted several of the Defendants to determine the identity of the individual who collected his DNA but was told that no one knew his identity. *See id.*, at 4, 6. Plaintiff became increasingly "concerned" that none of the TDCJ Defendants named in this lawsuit could identify the person who collected his DNA. *See id.*, at 14.

Plaintiff filed several I-60s concerning the matter and then pursued complaints with TDCJ's administrative review boards and emergency action center. *Id.*, at 15. He never received information concerning the identity of the individual who collected his DNA. *Id.*, at 16.

Plaintiff alleges that this "breach of security" violated his Eighth Amendment right to be free from cruel and unusual punishment. *See id.*, at 17. He seeks monetary damages for his mental anguish and unspecified declaratory and injunctive relief. *Id.*, at 18.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

Texas law provides for the collection of DNA samples from felons for registration in a DNA databank. *See* TEX. GOV'T CODE § 411.148. The Fifth Circuit has determined that the

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

collection of DNA from felons does not violate a felon's Fourth Amendment right to privacy. *See Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003). Further, a due process challenge to the manner in which this statute is applied to the inmate is frivolous because a mere violation of state law does not state a constitutional claim under 42 U.S.C. § 1983. *See Giovanni v. Lynn*, 48 F.3d 908, 912-13 (5th Cir. 1995).

Plaintiff does not assert any physical injury from the collection of his DNA. *See* ECF No. 3. Further, he does not allege that any physical force was used to collect a DNA swab. *See id.* A lack of physical harm prevents the recovery of any damages. *See* 42 U.S.C. §1997e(e); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). Even if TDCJ officials violated Texas law or prison procedures (by failing to properly identify the individual who collected the DNA), they have not violated Plaintiff's constitutional rights. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 2004). Further, inmates can even be disciplined for refusing to give DNA or tissue samples under the statute, so Plaintiff's Eighth Amendment claim for monetary damages for "cruel and unusual punishment" from a non-invasive DNA swab has no basis in law or fact and is frivolous. *See Fuhrman v. Dretke*, 442 F.3d 893 (5th Cir. 2006).

For an injunction to issue, a Plaintiff must show: (1) a substantial likelihood he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin; and (4) that granting the preliminary injunction will not disserve the public interest. *Robinson v. Hunt Country, Texas*, 921 F.3d 440, 451 (5th Cir. 2019) (citations omitted). A preliminary injunction is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal marks omitted), *cert. denied*, 134 S. Ct. 1789 (2014). The party moving for a preliminary injunction must

prove *all* four elements. *Benihsek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Doe v. Landry*, 909 F.3d 99, 106 (5th Cir. 2018). Because the Court finds dismissal of Plaintiff's Complaint is appropriate, Plaintiff cannot meet the first requirement for an injunction. Additionally, Plaintiff has not stated any legal basis for declaratory relief.

**CONCLUSION**

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is ORDERED that the Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice as frivolous.

**SO ORDERED.**

May 5, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE